# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DAVID M. DERJAN**
**United States Army, Appellant**

ARMY 20101039

Headquarters, Fort Riley
Susan K. Arnold, Military Judge
Lieutenant Colonel Robert A. Borcherding, Staff Judge Advocate

For Appellant:  Captain Stephen J. Rueter, JA; Mr. David A. Wagner, Esquire (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Jessica J. Morales, JA (on brief).

31 January 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of failing to go to his appointed place of duty and failing to obey a lawful order, in violation of Articles 86 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892 (2006) [hereinafter UCMJ].  Contrary to his pleas, a panel of officer and enlisted members convicted appellant of failing to obey a lawful order and aggravated assault with a loaded firearm, in violation of Articles 92 and 128, UCMJ.  The panel sentenced appellant to a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence and credited appellant with 102 days of confinement credit.

Appellant raises two assignments of error for our review under Article 66, UCMJ.  In his first assignment of error, appellant asserts, *inter alia*, that his trial defense counsel provided ineffective assistance by committing a "multitude of serious errors that significantly contributed to the appellant receiving a harsh sentence."  In his second assignment of error, appellant alleges that, in the face of a

discovery request, the trial counsel failed to disclose derogatory information on a government witness. These assignments of error merit discussion but not relief.

Ineffective assistance of counsel allegations are reviewed by this court *de novo*. *United States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011). We review these allegations using a two-prong test, first determining if counsel's performance was deficient and then whether the deficient performance prejudiced appellant. *Strickland v. Washington*, 466 U.S. 668 (1984). Appellant sets forth numerous arguments in support of his ineffective assistance of counsel claim, of which we will comment on two: (1) that his trial defense counsel failed to object to SP's testimony that appellant sought to purchase drugs for recreational use on the day of the incident involving the aggravated assault; and (2) that his trial defense counsel failed to object to SP's testimony that appellant had a drug addiction.

We find no deficiency with the trial defense counsel's failure to object to testimony concerning appellant's purchase of drugs and alleged addiction. Furthermore, we find no prejudice to appellant in either the findings or the sentencing stages as a result of his defense counsel's tactical decision to allow the testimony at issue. It was clearly the defense counsel's theory to discredit SP. The defense sought to paint her as a drug addict, someone capable of stealing drugs, and someone capable of using the knife that was found in her possession. In doing so, the defense bolstered their argument that appellant only pointed a gun at SP in self-defense. The avenue for adducing evidence regarding the victim's own drug addiction and use was through her testimony concerning her instigating appellant's drug purchase, and her concerted conduct with appellant in purchasing and then using the drugs to feed both of their addictions. An objection to SP's testimony would have put at risk those negative impressions of SP, and consequently, appellant's theory of self-defense.

We further find neither deficient performance nor prejudice with regard to trial defense counsel's decision not to try to limit, during presentencing, the prior testimony about appellant's acquisition of drugs and his drug addiction. It is readily apparent from the record that the defense's theory on sentencing was that appellant was addicted to prescription drugs and needed help. Appellant himself stated in his unsworn statement that he became addicted to pain killers after a motorcycle accident and that this addiction led to his poor decision making and misconduct. Therefore, we reject appellant's claim of ineffective assistance of counsel.

In his second assignment of error, appellant claims that the government failed to disclose that appellant's supervisor, who testified negatively regarding appellant at sentencing, "was at that time attending treatment sessions for alcohol and drug abuse stemming from a drunk driving conviction and an assault of a female service member. . . ." "Appellant bears the burden of proving that the Government withheld discoverable evidence." *United States v. Guthrie*, 53 M.J. 103, 105 (C.A.A.F. 2000).

2

DERJAN—ARMY 20101039

In an affidavit appended to his brief, appellant alludes to the existence of the aforementioned derogatory information and having discussed it with his trial defense counsel. Appellant has not provided any substantiation as to the existence, much less the truth, of this derogatory information, nor has he shown that any such information was in the possession of the government. At first glance, a review of appellant's official affidavit could lead one to conclude that the alleged discovery violation is confirmed by appellant's trial defense counsel—suggesting, at a minimum, that this court further inquire into said allegation. Upon closer examination, however, the affidavit reveals nothing more than an unsupported, unverified allegation made by appellant which he allegedly discussed with his defense counsel and which his defense counsel acknowledged, if true, would constitute error.

We hold appellant has not made a colorable showing that the alleged derogatory information at issue exists, and we conclude that no further inquiry is warranted. *See United States v. Campbell*, 57 MJ 134, 138 (C.A.A.F. 2002). Furthermore, given the serious nature of the aggravated assault charge and its occurrence in the barracks, we are convinced that even if such information did exist, there is no reasonable probability it would have affected appellant's sentence. *Id.*

## CONCLUSION

On consideration of the entire record, appellant's assigned errors, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we hold the findings of guilty and sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3